1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

9    Esmeralda Nava and Jose Nava,                     CASE NO. 09cv1339 WQH (JMA)

10                                    Plaintiff,        ORDER

11         vs.
    Fremont Investment & Loan, et al.,

12                                   Defendant.

13   HAYES, Judge:

14         The matters before the Court are Defendant Fremont Investment & Loan's ("Fremont")

15   Motion to Dismiss (Doc. # 6), Defendant Irwin Home Equity's ("Irwin") Motion to Dismiss

16   (Doc. # 8), and Plaintiffs Esmeralda and Jose Nava's Ex Parte Motion for Extension of Time

17   to File an Amended Complaint (Doc. # 9).

18                                **BACKGROUND**

19         On June 22, 2009, Plaintiffs initiated this action by filing their complaint.  (Doc. # 1).

20   On October 16, 2009 Defendant Fremont filed its Motion to Dismiss.  (Doc. # 6).  Also on

21   October 16, Defendant Irwin filed its Motion to Dismiss.  (Doc. # 8).

22         On November 9, 2009 the deadline for Plaintiffs' opposition to the motions to dismiss,

23   Plaintiffs filed an Ex Parte Motion for Extension of Time to file an Amended Complaint.

24   (Doc. # 9).  The motion states "this application is brought on the grounds that Plaintiffs'

25   attorney Kent C. Wilson needs an additional 20 days to prepare a First Amended Complaint

26   and to ensure that all parties in this suit have been personally served." *Id.* at 1.  The motion

27   asserts that the Court can extend the time allowed to file a First Amended Complaint as of right

28   pursuant to Federal Rule of Civil Procedure 6(b).  *Id.* at 2.  Also on November 9, 2009,

Plaintiffs filed an opposition to Defendants' motions to dismiss. (Doc. # 10). The opposition does not address the issues Defendants raised in their motions to dismiss, rather it states that Plaintiff is requesting a 20 day leave to file a First Amended Complaint. *Id.* On November 12, 2009 the Court entered a minute order allowing Defendants to file responses to Plaintiffs' Motion for Extension of Time to File Amended Complaint on or before November 19, 2009. (Doc. # 10). On November 16, 2009, Defendant Irwin filed a reply stating it does not oppose the Motion for Extension of Time to File an Amended Complaint, but requests that if the court denies Plaintiff's motion, Defendants' motions to dismiss should be granted with prejudice due to Plaintiff's failure to oppose them. (Doc. # 12). On November 19, 2009, Defendant Irwin filed a non-opposition to Plaintiffs' Motion for Extension of Time to File an Amended Complaint. (Doc. # 14). Also on November 19, 2009, Defendant Fremont filed an opposition to Plaintiffs' Motion for Extension of Time to File an Amended Complaint. (Doc. # 13). Defendant Fremont contends "[n]ot only have Plaintiffs have failed to file any substantive opposition addressing any of the points raised in the Motion [to Dismiss], Plaintiffs have also failed to provide any plausible reason why their FAC could not be filed on or before the date for filing their opposition to the Motion, or why an additional 20 days is needed to prepare the FAC." *Id.* at 2. Defendant Fremont further contends "Plaintiffs' failure in ths case to file any substantive opposition or to file a timely amended complaint can and should be viewed as consent to the granting of the Motion" pursuant to Civil Local Rule 7.1(f)(3)(c).

## ANALYSIS

Federal Rule of Civil Procedure 15(a)(1) allows a party to amend its pleadings once as of right before a responsive pleading is filed. "The purpose of the amendment as of right provision is to avoid judicial involvement in the pleading process when there is little reason for doing so." 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1480 (2d ed. 1987). Federal Rule of Civil Procedure 6(b) states "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . ." However, an amendment as of right is not an act which "must be done within a specified time," it is an act that must be done before the opposing party files a responsive pleading. Granting

an extension of time is not contemplated by Rule 15(a)(1) and would defeat the purpose of the rule.  Plaintiffs' Motion for an Extension of Time to File an Amended Complaint is denied.

Civil Local Rule 7.1(f)(3)(a)  provides: "If an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court."  S.D. Cal. Civ. Local Rule 7.1(f)(3)(a).  "Although there is ... a [public] policy favoring disposition on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics." *In re Eisen*, 31 F.3d 1447, 1454 (9th Cir. 1994) (affirming grant of motion to dismiss for failure to prosecute); *see also Steel v. City of San Diego*, No. 09cv1743, 2009 WL 3715257, at *1 (S.D. Cal., Nov. 5, 2009) (dismissing action pursuant to Local Rule 7.1 for plaintiff's failure to respond to a motion to dismiss).  Civil Local Rule 7.1(f)(3)(b) provides: "The opposition shall contain a brief and complete statement of all reasons in opposition to the position taken by the movant, an answering memorandum of all points and authorities, and copies of all documentary evidence which the party in opposition relies." S.D. Cal. Civ. Local Rule 7.1(f)(3)(b).

Plaintiff's opposition does not address any of Defendants contentions as required by the local civil rules.  The Court concludes that Plaintiffs have not complied with Local Rules 7.1(e)(2) and 7.1(f)(3)(b) and that this failure constitutes consent under Rule 7.1(f)(3)(a).

## CONCLUSION

Plaintiffs' Motion for an Extension of Time to File an Amended Complaint (Doc. # 9) is DENIED.  Defendants' Motions to Dismiss (Docs. # 6 and 8) are GRANTED.  The complaint is dismissed without prejudice and with leave to file a motion to file an amended complaint within thirty days of the date of this order.  If no motion is filed, the Court will direct the clerk to close the case.

DATED:  November 24, 2009

William Q. Hayes

**WILLIAM Q. HAYES**
United States District Judge